```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------ X
ROBERT LEE MILES,               :
                                :
          Movant-Defendant      :   Nos. 11 Cr.  581
                                :         15 Civ. 8255
     -against-                  :
                                :   MEMORANDUM OPINION
UNITED STATES OF AMERICA,       :        & ORDER
                                :
          Respondent.           :
------------------------------ X
```

**JOHN F. KEENAN, United States District Judge:**

Before the Court is Movant-Defendant Robert Lee Miles's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In light of the Second Circuit's recent decision in United States v. Jones, --- F.3d ---, No. 15-1518, 2016 WL 3923838 (2d Cir. July 21, 2016), and with the consent of the Government, the Court grants the motion and orders that Miles be produced for resentencing on September 8, 2016, at 11:15 a.m.

## I. Background

On November 14, 2012, following a bench trial on stipulated facts, Miles was found guilty of violating 18 U.S.C. § 922(g)(1) and 924(e) because, as a prior convicted felon, he unlawfully possessed a firearm. (See Mem. Op. & Order, United States v. Miles, 11 Cr. 581 (Nov. 14, 2012)). At sentencing on March 26, 2013, the Court found that Miles was subject to a 15-year mandatory minimum sentence under the Armed Career Criminal Act

1

("ACCA") on the basis of three prior felony convictions: (1) a 1985 conviction in Bronx County Supreme Court for third-degree robbery; (2) 1988 convictions in New York County Supreme Court for first-degree robbery and second-degree robbery, which arose from a single criminal episode and were therefore counted as a single predicate conviction under the ACCA; and (3) a 1999 conviction in New York County Supreme Court for criminal sale of a controlled substance in the third degree. (See Sentencing Tr. at 17-18, Mar. 26, 2013, ECF No. 42; Def.'s Sentencing Mem. at 7-9, ECF No. 38; Gov't's Sentencing Mem. at 6-11, ECF No. 39; Presentence Investigation Report ¶¶ 40, 55, 65.) The Court sentenced Miles to the mandatory minimum sentence of 15 years' imprisonment. (Judgment at 2.) That sentence was affirmed by the Second Circuit Court of Appeals on April 10, 2014. See United States v. Miles, 748 F.3d 485 (2d Cir. 2014).

On October 20, 2015, Miles moved to vacate his sentence pursuant to 28 U.S.C. § 2255. Following initial pro se briefing, the Court appointed counsel to represent Miles in connection with his petition. Supplemental briefing on the petition was completed on March 29, 2016.

While Miles's petition was under consideration, on July 21, 2016, the Second Circuit decided United States v. Jones, 2016 WL 3923838, which overruled its decision in United States v. Spencer, 955 F.2d 814 (2d Cir. 1992), in light of the U.S.

Supreme Court's decision in Johnson v. United States, 559 U.S. 133 (2010) [hereinafter Curtis Johnson].

On August 9, 2016, the Government submitted a letter to the Court stating that in light of Jones, Miles's 1985 conviction for third-degree robbery would no longer qualify as a predicate conviction under the ACCA.  The Government also waived its procedural defenses to Miles's motion and consented to resentencing of Miles without the enhanced sentencing provided by § 924(e).

## II. Discussion

Under 18 U.S.C. §§ 922(g) and 924(a)(2), a convicted felon who possesses a firearm may be punished by up to 10 years' imprisonment.  If the violator has three or more earlier convictions for a "violent felony," however, the ACCA mandates a minimum prison term of 15 years. See 18 U.S.C. § 924(e)(1).  The ACCA defines "violent felony" as follows:

> (B)  the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i)  has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another;

Id. § 924(e)(2)(B).

As the Government acknowledges, Miles's third-degree robbery conviction no longer qualifies as a "violent felony" under the ACCA.  First, the robbery conviction is plainly not "burglary, arson, or extortion," nor does it "involve[] use of explosives."  Additionally, in Johnson v. United States, ---U.S. ----, 135 S.Ct. 2551 (2015), the Supreme Court held that the ACCA's so-called "residual clause"—the second clause of subparagraph (ii)—was unconstitutionally vague. Id. at 2557-58.  As a result, Miles's robbery conviction cannot be a "violent felony" under that clause.

Thus, the third-degree robbery conviction is a "violent felony," if at all, only if it falls within subparagraph (i)—i.e., if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." Spencer, Curtis Johnson, and Jones each relate to the interpretation of this requirement.

In Spencer, the Second Circuit held that a third-degree robbery conviction in New York—defined generally as "forcibly steal[ing] property"—is a "crime of violence" under section 4B1.2 of the U.S. Sentencing Guidelines (the "Career Offender Guideline"), because "crime of violence" is defined to include any federal or state offense that "has as an element the use, attempted use, or threatened use of physical force against the

4

person of another." Spencer, 955 F.2d at 820 (alteration in original).

Several years later, in Curtis Johnson, the Supreme Court interpreted the term "violent felony" in the ACCA—which shares a definition identical to "crime of violence" under the Guidelines—to require "violent force—that is, force capable of causing physical pain or injury to another person." Curtis Johnson, 559 U.S. at 140.

As a result, in Jones, the Second Circuit overruled Spencer and held that, absent aggravating factors, a New York robbery conviction involving forcible stealing is no longer a conviction for a "crime of violence" under the Career Offender Guideline because it does not necessarily involve the use of violent force. Jones, 2016 WL 3923838, at *6.

Because the language of the Career Offender Guideline is identical to the ACCA, Jones instructs that a New York robbery conviction, absent other aggravating factors, is no longer a conviction for a "violent felony" under the ACCA. See id. at *3 ("Because of 'the substantial similarity between the ACCA's definition of "violent felony" and the [Career Offender] Guidelines' definition of "crime of violence," authority interpreting one phrase frequently is found to be persuasive in interpreting the other phrase.'" (quoting United States v. Walker, 595 f.3d 441, 443 n.1 (2d Cir. 2010)).  Under New York

5

law, third-degree robbery does not require any aggravating factors; a person is guilty of the offense "when he forcibly steals property." N.Y. PENAL LAW § 160.05.  Thus, Miles's conviction for third-degree robbery is no longer a "violent felony" under the ACCA, and he is entitled to resentencing without the enhanced sentencing provided by 18 U.S.C. § 924(e).

## Conclusion

For the reasons set forth above, Miles's motion to correct his sentence under 28 U.S.C. § 2255 is granted.  The Court orders that Miles be produced for resentencing on September 8, 2016, at 11:15 a.m.  The Probation Department is respectfully directed to produce a supplemental presentence investigation report in advance of the resentencing.  The parties shall file any sentencing submissions with the Court by September 6, 2016.

Dated:    New York, New York
          August 15, 2016

*John F. Keenan*
—————————————————
Hon. John F. Keenan
United States District Judge